UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Ernesto Poux, Jr., ) | C/A No. 4:11-2195-TMC-TER |
| ) | |
| Plaintiff, ) | |
| ) | REPORT AND |
| vs. ) | RECOMMENDATION |
| ) | |
| D. Drew, Warden; I. Schultz, AW; G. Del Re, Captain; A. ) | |
| Starcher, SIS; J. Comstock, DHO; A. Fanucci, Lt.; J. Swann, ) | |
| Case Manager; N. Lugo, Lt.; S. Lewis, Rec. C/O; J. Cann, ) | |
| SIS; C. Harding, Unit Manager; Lt. Major; PA. Osorio; J. ) | |
| Leamon, Counselor; John Does 1-6; Jane Does 1-6, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The plaintiff, Ernesto Poux, Jr. ("Plaintiff"), proceeding *pro se*, files an action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971).[1] Plaintiff is also proceeding *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff is a federal prisoner and his claims arose during his incarceration at FCI Bennettsville, a facility of the Federal Bureau of Prisons ("BOP") in South Carolina. The Complaint names as Defendants the warden, several correctional officers and federal employees at the prison, as well as unidentified John and Jane Does.[2] The Complaint lists seven conclusive phrases, such as "abandonment of due process," as the issues Plaintiff intends to litigate. ECF No. 1 at 2. The Complaint's statement of claim, however, does not elaborate on these, but instead refers to several specific pages of Plaintiff's attachments to the Complaint. *Id.* at 4. The Complaint is not clear as to what constitutional claims Plaintiff is

---

[1] Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

[2] Title 28 U.S.C. § 1915A (a) requires review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."

attempting to bring against each Defendant. The eighty pages of attachments to the Complaint are primarily copies of documents relating to three prison disciplinary proceedings involving Plaintiff, but nothing in the Complaint explains how the information in the attachments are relevant to the Complaint. The Complaint seeks monetary damages, as well as appointment of counsel, a special master, injunctive relief, "relief from my sentence,"and an investigation. *Id.* The Complaint should be dismissed for failure to state a claim upon which relief may be granted.

## INITIAL REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."[3]  28 U.S.C. § 1915(e)(2)(B).

This Court is required to liberally construe *pro se* documents, *Erickson v. Pardus*, 551 U.S. 89 (2007), by holding them to a less stringent standard than those drafted by attorneys. *Estelle v.*

---

[3] Screening of prisoner pleadings pursuant to 28 U.S.C. § 1915A is subject to the same standard.

*Gamble*, 429 U.S. 97 (1976), *Hughes v. Rowe*, 449 U.S. 5 (1980) (*per curiam*). A federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *Hughes v. Rowe*, 449 U.S. at 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so, but a district court may not rewrite a pleading to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, (4th Cir. 1990).

## BACKGROUND

Plaintiff files suit against the warden, several correctional officers and federal employees, as well as unidentified John and Jane Does, at FCI Bennettsville, a BOP facility. The Complaint states that Plaintiff is attempting to litigate "staff's failure to protect; staff's failure to report corruption; staff's falsification of federal reports in which puts my life in danger; sexual assault; staff's refusal to file timely remedy request; abandonment of due process; retaliation by staff." ECF No. 1 at 2. The Statement of Claim section of the Complaint simply states: "supporting facts see attachments 4; 24-30; 50-52; 8; (11-13; 81-83 these attchs BOP staff commit perjury)." *Id.* at 4. The Complaint, without further specific factual allegations, refers to the eighty page attachment Plaintiff includes with his Complaint. ECF No. 1-1.

3

The eighty pages of attachments primarily relate to three disciplinary proceedings involving Plaintiff.[4] The first disciplinary incident, report # 1969958, which occurred on Jan. 22, 2010, concerns unauthorized use of mail by incorrectly designating mail as "legal," and was given administrative remedy # 578852-R1 in the BOP administrative remedy program. *Id.* 1-1 at 47-53, 56-64, 79. The second disciplinary incident, report # 2015172, which occurred on June 2, 2010, concerns use of the telephone for abuses, as well as giving money to another inmate, based on Plaintiff's telephone conversations with his sister, who gave money to other inmates. *Id.* at 70-73. The phone/money incident report was given remedy #609873-A1 in the administrative remedy program. *Id.* at 65-76, 79. The third disciplinary incident, report # 2053341, which occurred on August 13, 2010, involves a charge of fighting with another, and was given administrative remedy # 609930-A4 in the administrative remedy program. *Id.* at 1-10, 16-25, 31- 43, 78. In defense of the fighting charge, Plaintiff claimed he was attacked and simply trying to defend himself from the attacker, who staff knew was a threat to Plaintiff. *Id.*

The Complaint's statement of claim refers to eighteen specific pages of the attachments. ECF No. 1 at 4. The referenced pages 4 and 8 of the attachments are two pages from Plaintiff's administrative appeal of his disciplinary incident involving the charge of fighting. The referenced pages 24-30 of the attachments are an undated letter to the warden, Defendant Drew, labeled "re: pattern of abuse to your attention." Although the disciplinary fighting charge is mentioned on pages

---

[4] In as much as Plaintiff could be claiming constitutional violations in relation to his disciplinary proceedings, *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), applies to bar a suit for damages that challenges prison institutional offense convictions where the administrative action affected credits toward release based on good time served, and the disciplinary conviction has not been overturned. The United States Supreme Court specifically extended the *Heck* reasoning to the context of inmate disciplinary convictions in *Edwards v. Balisok*, 520 U.S. 641 (1997). The Complaint does not state that Plaintiff's disciplinary convictions have been overturned.

4

24 and 29, the letter also includes many complaints and requests unrelated to the three disciplinary proceedings. The referenced pages 50-52 of the attachments concern problems with the administrative remedies program in relation to the initial disciplinary proceeding involving "legal"mail. The referenced pages 11-13, referred to as "BOP staff commit perjury," appear to be responses to Plaintiff's Freedom of Information Act request for information. The referenced pages 81-83 do not exist, as the attachments only go to page 80. The Complaint doesn't elaborate on what part of the attachments Plaintiff considers to be "supporting facts" and what the pages are intended to support.

Plaintiff seeks "appointment of counsel; appoin[t] Special Master; injunctive relief from sanctions; monetary damages; relief from my sentence;[5] conduct an investigation." ECF No. 1 at 4.

## DISCUSSION

Plaintiff brings suit against the warden and several correctional officers and employees at a federal prison, so his claims are construed as filed pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).[6] "In *Bivens*, the Supreme Court held that 'violation of the Fourth Amendment by a federal agent acting under color of his authority gives rise to a cause of action for damages,' despite the absence of any federal statute creating liability."

---

[5] A petition for writ of habeas corpus is the exclusive remedy for a prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *Heck v. Humphrey*, 512 U.S. 477 (1994) (release from prison is not a remedy available under 42 U.S.C. § 1983).

[6] In some aspects, a *Bivens* claim is analogous to a claim brought against state officials under 42 U.S.C. § 1983 for constitutional violations, therefore, caselaw involving § 1983 claims is generally applicable in *Bivens* actions. *See Harlow v. Fitzgerald*, 457 U.S. 800, 814-820, n. 30 (1982).

*Holly v. Scott*, 434 F.3d 287, 289 (4th Cir.2006) (internal brackets omitted).  The holding in *Bivens* is very limited, and "[i]n over 30 years of *Bivens* jurisprudence the [Supreme] Court has extended its holding only twice.'" *Id.* (quoting *Correctional Servs. Corp. v. Malesko*, 534 U.S. 61, 70 (2001)).  In *Carlson v. Green*, 446 U.S. 14 (1980), *Bivens* was extended to suits against federal prison officials under the Eighth Amendment.  "Since the *Carlson* decision in 1980, the Court has consistently declined to extend *Bivens* beyond these well-demarcated boundaries."  *Holly v. Scott*, 434 F.3d at 289 (citing cases). *See also Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009) ("Because implied causes of action are disfavored, the Court has been reluctant to extend *Bivens* liability to any new context or new category of defendants." (internal quotation marks omitted)).  Thus *Bivens* and its Supreme Court progeny do not create an implied federal cause of action for all wrongs alleged by federal prisoners.

Plaintiff states a *Bivens* claim only to the extent the Complaint sets forth factual allegations that would establish, at a minimum, constitutional violations by federal officers.  In this case, the Complaint identifies the alleged wrongs Plaintiff seeks to address as:  "staff's failure to protect; staff's failure to report corruption; staff's falsification of federal reports in which puts my life in danger; sexual assault; staff's refusal to file timely remedy request; abandonment of due process; retaliation by staff."  ECF No. 1 at 2.  However, the Statement of Claim section of the Complaint simply states "supporting facts see attachments 4; 24-30; 50-52; 8; (11-13; 81-83 these attchs BOP staff commit perjury)."  *Id.* at 4.  The Complaint does not elaborate on what factual allegations Plaintiff is making against the individual Defendants that establish a violation of Plaintiff's constitutional rights.  For instance, Plaintiff's legal conclusion of "staff's failure to protect" could be liberally construed as an attempt to state an Eighth Amendment *Bivens* claim under *Farmer v.*

6

*Brennan*, 511 U.S. 825, 833 (1994), but Plaintiff must make factual allegations to support the bare statement. A prisoner's claim for failure to protect under the Eighth Amendment must show that (1) he was "incarcerated under conditions posing a substantial risk of serious harm" and (2) that the official was deliberately indifferent to the inmate's safety. *Farmer v. Brennan*, 511 U.S. at 834. The Complaint does not make factual allegations against the individual Defendants from which could be inferred a substantial risk of serious harm and deliberate indifference by the Defendants. The Complaint's conclusory statement of issues, along with the specific pages referenced in the statement of claim, are not sufficient factual allegations to state a *Bivens* claim.

A plaintiff fails to state a claim when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. at 1949 (internal citations omitted) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Complaint fails to plead facts. Instead Plaintiff refers to attached copies of papers without further explanation as to what facts the Plaintiff could be referring to within the documents, and how the facts could apply to the Defendants. Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although "[s]pecific facts are not necessary," the statement must "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 555). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. at 557). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. In other words, "the tenet that a court must

7

accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Complaint in this case contains a list of legal conclusions, with no stated supporting factual allegations. Plaintiff attaches eighty pages to his Complaint, but the statement of claim only references page numbers, with no further explanation as to the relevance of each page referenced. The "possibility" of facts that could support a claim in the eighty pages attached to the Complaint, does not create the plausibility of entitlement to relief against the named Defendants. Although the Complaint must be liberally construed to allow the development of a potentially meritorious case, liberal construction does not include speculation as to what parts of the attachments Plaintiff considers factual allegations of constitutional violations, and to which Defendant the potential allegations apply to state a *Bivens* claim. It is not the Court's responsibility to sift through exhibits to determine how they might support a party's claims. While the general rule is that *pro se* pleadings must be construed liberally, this rule has limits and the court "cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record." *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir.2005), citing *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir.1991)("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the pro se litigant."). Plaintiff's Complaint should be dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## RECOMMENDATION

Accordingly, it is recommended that the District Judge dismiss the Complaint *without prejudice* and without issuance and service of process. 28 U.S.C. § 1915A (as soon as possible after

docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

              s/Thomas E. Rogers, III
              Thomas E. Rogers, III
              United States Magistrate Judge

October 18, 2011
Florence, South Carolina

    **The plaintiff's attention is directed to the notice on the following page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 2317
Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).