IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Ernesto Poux, Jr., <br><br>                Plaintiff, <br><br>v. <br><br>D. Drew, Warden; I Schultz, AW; G. Del Re, Captain; A. Starcher, SIS; J. Comstock, DHO; A Fanucci, Lt.; J. Swann, Case Manager; N. Lugo, Lt.; S. Lewis, Rec. C/O; J. Cann, SIS; C. Harding, Unit Manager, Lt. Major; PA. Osorio; J. Leamon, Counselor; John Does 1-6; Jane Does 1-6, <br><br>                Defendants. | C/A No. 4:11-2195-TMC <br><br>**ORDER** |

Ernesto Poux, Jr. (Poux), proceeding *pro se* and *in forma pauperis*, filed this action pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 397 (1971). (Dkt. No. 1.) The case is before the court for review of the Report and Recommendation (Report) of the United States magistrate judge, made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 of the District of South Carolina, which recommends dismissing Poux's complaint without prejudice and without issuance and service of process. (Dkt. No. 15.)[1] The court adopts the Report and dismisses the complaint without prejudice and without issuance and service of process.

Poux is a federal prisoner, and his claims allegedly arose during his incarceration at FCI Bennettsville, a facility of the Federal Bureau of Prisons in South Carolina. As noted in the Report, in the section of the complaint titled, "Statement of Claim," Poux writes, "See attachments 4; 24-30; 50-52, 8; (11-13; 81-83 these attchs BOP staff commit perjury)." The attachments consist of 80

---

[1] The magistrate judge's recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

pages of documents with no indication as to how these documents relate to any alleged constitutional claims. Poux does not explain which constitutional claims he is attempting to bring against each defendant. (Dkt. No. 15 at 1.) The magistrate judge recommended that the complaint be dismissed without prejudice and without issuance and service of process because the complaint failed to state a claim for which relief could be granted. (Dkt. No. 15 at 7.) ("The Complaint's conclusory statement of issues, along with the specific pages referenced in the statement of claim, are not sufficient factual allegations to state a *Bivens* claim.")

Poux was advised of his right to file objections to the Report (Dkt. No. 15 at 10), and he timely filed what the court will construe as objections (Dkt. No 19). However, Poux's "objections" consisted of a request for the case to be assigned to a different magistrate judge, some repetition of previous statements contained in his complaint, and some attachments. (Dkt. No. 19.) None of these can be construed as a specific objection. Because Poux failed to file specific objections, the court is not required to explain its decision. 28 U.S.C. 646(b)(1) ("[The district court] shall make a de novo determination of those portions of the report . . . *to which objection is made.*") (emphasis added); *see also United States v. Midgette*, 478 F.3d 616 (4th Cir. 2007) ("[A] party . . . waives a right to appellate review of particular issues by failing to file timely objections specifically directed to those issues.").

Therefore, after a thorough review of the record and Report according to the standard set forth in this order, the court adopts the Report and the recommendations therein. (Dkt. No. 15.) Pursuant to 28 U.S.C. § 1915(e)(2)(B), it is therefore

**ORDERED** that the complaint is **DISMISSED** without prejudice and without issuance and service of process. The plaintiff is advised to take notice of the important notice on the following page.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Greenville, South Carolina
December 28, 2011

## NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.